UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| QUINTON T., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | CASE NO. 3:20-CV-5097-DWC <br><br> ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS |

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's application for supplemental security income ("SSI"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 2.

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred when he improperly discounted Dr. William Weiss's opinion. As the ALJ's error is not harmless this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. §

405(g) to the Commissioner of the Social Security Administration ("Commissioner") for further proceedings consistent with this Order.

FACTUAL AND PROCEDURAL HISTORY

On June 7, 2016, Plaintiff filed an application for SSI. *See* Dkt. 20, Administrative Record ("AR") 13. The application was denied upon initial administrative review and on reconsideration. *See* AR 13. Two hearings were held before ALJ John Michaelsen on June 1, 2018, and October 26, 2018. *See* AR 13. In a decision dated December 7, 2018, the ALJ determined Plaintiff to be not disabled. *See* AR 22. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council, making the ALJ's decision the final decision of the Commissioner. *See* AR 10; 20 C.F.R. § 404.981, § 416.1481.

In the Opening Brief, Plaintiff maintains the ALJ erred by improperly: (1) evaluating the medical opinion evidence; and (2) evaluating Plaintiff's testimony. Dkt. 22.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

DISCUSSION

**I. Whether the ALJ properly considered the medical opinion evidence.**

Plaintiff argues the ALJ improperly discounted Dr. Weiss's opinion. Dkt. 22, pp. 3-7.

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (*citing Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *Pitzer v. Sullivan*, 908

F.2d 502, 506 (9th Cir. 1990)). When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-831 (*citing Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (*citing Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

      Dr. Weiss performed a psychological diagnostic evaluation of Plaintiff in August 2016. AR 389-394. Dr. Weiss reviewed Plaintiff's medical history, performed a mental status examination ("MSE"), and diagnosed Plaintiff with major depressive disorder, generalized anxiety disorder, hypothyroidism, Hashimoto's thyroiditis, allergies, and migraines. AR 389-393. He opined Plaintiff's sustained concentration and persistence were markedly impaired by his depression, anxiety, and panic attacks. AR 393. Dr. Weiss also opined Plaintiff's social interaction was markedly impaired, as well as Plaintiff's ability to adapt. Dr. Weiss wrote that "[a]t the present time, [Plaintiff] would not be able to maintain gainful employment" but "may be able to obtain and maintain gainful employment" with "treatment, psychotherapy and a suitable regimen of psychotropic medication[.]" AR 393.

      The ALJ discussed Dr. Weiss's opinion and gave it little weight for two reasons: (1) it is inconsistent with Dr. Weiss's findings; (3) it is inconsistent with Plaintiff's activities of daily living. AR 20.

      First, the ALJ discounted Dr. Weiss's opinion because "contemporaneous testing showed signs of greater functioning than his opinion suggests." AR 20. In support, the ALJ

noted Plaintiff appeared alert with a logical thought process and performed well in some portions of the MSE, such as in proverb interpretation and in abstract thinking. AR 20, citing AR 393. Dr. Weiss reviewed Plaintiff's medical history, performed an MSE, and diagnosed Plaintiff with major depressive disorder, generalized anxiety disorder, hypothyroidism, Hashimoto's thyroiditis, allergies, and migraines. AR 389-393. He opined to several marked limitations. *See* AR 393. Thus, in this instance, the ALJ relied on the same results from Dr. Weiss's psychological evaluation of Plaintiff and came to a different conclusion. *Compare* AR 20 *with* AR 389-393. The ALJ is "simply not qualified to interpret raw medical data in functional terms…" *Nguyen v. Chater*, 172 F.3d 31, 35 (9th Cir. 1999); *see also Schmidt v. Sullivan*, 914 F.2d 117, 118 (7th Cir. 1990) ("[J]udges, including administrative law judges . . . must be careful not to succumb to the temptation to play doctor"). Further, although the ALJ cites to portions of Dr. Weiss's opinion with normal findings, the ALJ ignored other portions of the opinion which were abnormal. For example, Dr. Weiss observed "facies indicative of dysphoria." AR 392. He noted Plaintiff is sad and has low energy. AR 392. Dr. Weiss acknowledged Plaintiff "has had suicidal ideation and began an attempt but talked herself out of continuing." AR 392. An ALJ errs when he selectively focuses on evidence that tends to suggest a plaintiff is not disabled. *See Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001); *see also Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984) (it is error for the ALJ to ignore or misstate competent evidence in order to justify a conclusion). Accordingly, the ALJ's first reason for discounting Dr. Weiss's opinion is not specific and legitimate and supported by substantial evidence.

Second, the ALJ discounted Dr. Weiss's opinion because it is inconsistent with Plaintiff's activities of daily living, "many of which he did routinely[.]" AR 20. Although the

ALJ did not specify which activities contradict Dr. Weiss's opinion, Dr. Weiss discussed some of Plaintiff's activities and acknowledged that Plaintiff lived with roommates and was capable of cooking, doing chores, reading, and playing video games. AR 392. Courts have repeatedly stated that "a person's ability to engage in personal activities … does not constitute substantial evidence that he or she has the functional capacity to engage in substantial gainful activity." *Kelley v. Callahan*, 133 F.3d 583, 589 (8th Cir. 1998); *see also O'Connor v. Sullivan*, 938 F.2d 70, 73 (7th Cir. 1991) ("The conditions of work are not identical to those of home life"). Plaintiff's ability to complete the activities listed above does not necessarily show he could "perform an eight-hour workday, five days per week, or an equivalent work schedule." *See* Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *1. Moreover, the ALJ failed to explain how Plaintiff's ability to complete these activities shows he could sustain a full-time work schedule. *See Mulanax v. Comm'r of Soc. Sec. Admin.*, 293 Fed. Appx. 522-523 (9th Cir. 2008) (citing SSR 96-8p) ("Generally, in order to be eligible for disability benefits under the Social Security Act, the person must be unable to sustain full-time work – eight hours per day, five days per week"). In addition, disability claimants "should not be penalized for attempting to lead normal lives in the face of their limitations." *Reddick*, 157 F.3d at 722. Thus, the ALJ's second reason for discounting Dr. Weiss's opinion is not specific and legitimate and supported by substantial evidence.

For the above stated reasons, the Court finds the ALJ failed to provide specific and legitimate reasons supported by substantial evidence for discounting Dr. Weiss's opinion. Accordingly, the ALJ erred.

"[H]armless error principles apply in the Social Security context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is not prejudicial

to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674 F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)).

Had the ALJ provided great weight to Dr. Weiss's opinion, the ALJ may have included additional limitations in the residual functional capacity ("RFC"). For example, Dr. Weiss opined Plaintiff's sustained concentration and persistence were markedly impaired by his depression, anxiety, and panic attacks. AR 393. In contrast, in the RFC, although he limited Plaintiff to simple, repetitive, routine tasks, the ALJ did not include any limitations regarding productivity. *See* AR 17. Therefore, if Dr. Weiss's opinion was provided great weight and additional limitations were included in the RFC and in the hypothetical questions posed to the vocational expert, the ultimate disability determination may have changed. Accordingly, the ALJ's error is not harmless and requires reversal. The ALJ is directed to reassess Dr. Weiss's opinion on remand.

**II.     Whether the ALJ properly evaluated Plaintiff's testimony.**

Plaintiff asserts the ALJ improperly considered his testimony regarding his symptoms. Dkt. 22, pp. 7-9. The Court concludes the ALJ committed harmful error in assessing Dr. Weiss's opinion and directed the ALJ to re-evaluate the opinion on remand. *See* Section I, *supra*. Because Plaintiff will be able to present new evidence and new testimony on remand and because the ALJ's reconsideration of the medical evidence may impact his assessment of Plaintiff's testimony, the ALJ must reconsider Plaintiff's testimony on remand.

CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein.

Dated this 7th day of January, 2020.

David W. Christel
United States Magistrate Judge